## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CV-61906-ALTONAGA/STRAUSS

**EMMITT BERNIE LAWSON,**

     Plaintiff,

v.

**KILOLO KIJAKAZI,**
Acting Commissioner of Social Security,

     Defendant.

_____/

### REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendant's Opposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. §§ 405(g) and 1383(c)(3) with Reversal and Remand of the Cause to Defendant ("Motion") [DE 22], which has been referred to me for a report and recommendation [DE 24]. I have reviewed the Motion, Plaintiff's Response thereto [DE 23], and all other pertinent portions of the record. I also held a hearing on the Motion on May 17, 2023.

Both parties agree that reversal of the Commissioner's final decision denying disability benefits is appropriate, but they disagree over whether this matter should be remanded for further proceedings (Defendant's position) or for an award of benefits (Plaintiff's position). Remand for an award of benefits is only appropriate when the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (citation omitted). Absent such circumstances, this matter should be remanded for further proceedings (as there is no dispute that the ALJ erred).

At issue here is whether the evidence established disability without any doubt. By way of background, the ALJ found at step four of the five-step sequential evaluation[1] that Plaintiff has past relevant work as a chauffeur and that he is capable of performing such work. Tr. 24.[2] Had the ALJ found that Plaintiff's chauffeur job did not qualify as past relevant work, or that Plaintiff is unable to perform the job, the parties agree[3] that Plaintiff would have been found disabled at step five of the sequential evaluation. Thus, this matter should only be remanded *for an award of benefits* if the evidence shows, without any doubt, that: (1) Plaintiff's chauffeur job does not qualify as past relevant work; *or* (2) Plaintiff is not capable of performing the chauffeur job (assuming it qualifies as past relevant work).

### A. Whether Chauffeur Job Is Past Relevant Work

The ALJ clearly erred in finding that Plaintiff's chauffeur job qualifies as past relevant work. However, I cannot conclude from the record, without any doubt, that the chauffeur job does not qualify as past relevant work. "Past relevant work is work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). At issue here is whether Plaintiff's chauffeur job was "substantial gainful activity."

---

[1] *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) ("The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." (citations omitted)).

[2] In citing to the administrative record [DE 17], I use the pagination in the lower right-hand corner of each page. For example, Tr. 24 refers to CM/ECF page 28 of 1,546.

[3] Such agreement was confirmed at the May 17 hearing.

"The federal regulations define 'substantial gainful activity' as 'work activity that is both substantial and gainful.'"  *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 524 (11th Cir. 2014) (quoting 20 C.F.R. §§ 404.1572, 416.972).  "'Substantial work activity' is work 'that involves doing significant physical or mental activities,' even if on a part-time basis."  *Id.* (quoting §§ 404.1572(a), 416.972(a)).  "'Gainful work activity,' in turn, is work activity done for pay or profit."  *Id.* (citing §§ 404.1572(b), 416.972(b)).  "Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized."  § 404.1572(b).

"In evaluating work activity for substantial gainful activity purposes where the claimant was an employee in the past, the chief consideration is the claimant's earnings from the work activity."  *Eyre*, 586 F. App'x at 524 (citing 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1)).  "The ALJ ordinarily will consider that the claimant either was or was not engaged in substantial gainful activity if her average monthly earnings are above or below a certain amount established by the Social Security Administration's earnings guidelines."  *Id.* (citing §§ 404.1574(b)(2)-(3), 416.974(b)(2)-(3)).  Here, it is undisputed that the earnings reflected in Plaintiff's earnings records from the period of time during which he worked as a chauffeur fall below the threshold amount.[4]

"Earnings, however, are not dispositive."  *Id.*  While not dispositive, because Plaintiff's earnings are under the threshold, there is a rebuttable presumption that Plaintiff was not engaged in substantial gainful activity when working as a chauffeur.  *See Copeland v. Colvin*, 771 F.3d 920, 924-27 (5th Cir. 2014).  "[A] rebuttable presumption against substantial gainful activity arises where a disability claimant's earnings are below the threshold set by the regulations."  *Id.* at 927.  The Commissioner will generally consider information in addition to earnings if evidence indicates a claimant "may be engaging in substantial gainful activity," or is "in a position to control when

---

[4] Plaintiff's earnings records reflect earnings of $4,044 in 2017 and $897.60 in 2018.  Tr. 249.

earnings are paid to" him "or the amount of wages paid to" him.  § 404.1574(b)(3)(ii).  Examples

of other information that the Commissioner may consider include whether:

> (A) Your work is comparable to that of unimpaired people in your community who are doing the same or similar occupations as their means of livelihood, taking into account the time, energy, skill, and responsibility involved in the work; and

> (B) Your work, although significantly less than that done by unimpaired people, is clearly worth the amounts shown in [§ 404.1574(b)(2)], according to pay scales in your community.

*Id.*; *see also Copeland*, 771 F.3d at 924-25; *Eyre*, 586 F. App'x at 524.

Here, the problem is that the ALJ failed to discuss the fact that Plaintiff's earnings triggered

the rebuttable presumption that Plaintiff was not engaged in substantial gainful activity.  *Cf.*

*Copeland*, 771 F. 3d at 927 ("[T]he Commissioner's failure to address Copeland's earnings and

apply the presumption in this case is grounds for reversal.").  As such, she did not cite substantial

evidence (or any evidence) to overcome that presumption.  Rather, the ALJ effectively assumed,

without explanation, that Plaintiff's chauffeur job was "past relevant work."  *See* Tr. 24.

Nonetheless, I cannot conclude *without any doubt* that the record establishes that Plaintiff's

chauffeur job was not substantial gainful activity.  That is because Plaintiff indicated in a disability

report that he worked 40 hours per week (5 days per week, 8 hours per day) as a driver during the

relevant time period, which does not square with his earnings records.  Tr. 262.  Additionally,

Plaintiff's testimony regarding this work created some additional confusion that needs to be

clarified.  *See* Tr. 68-77.  To be clear, however, the record does not presently appear to contain

substantial evidence to overcome the rebuttable presumption.  On remand, the ALJ will need to

resolve the discrepancy between Plaintiff's earnings records and the amount of time Plaintiff

reported working each week as a chauffeur to determine whether the rebuttable presumption can be overcome.[5]  Further testimony from Plaintiff on this issue is likely needed.

### B.  Plaintiff's Ability to Perform Chauffeur Job

Whether Plaintiff is able to perform the chauffeur job (assuming it qualifies as past relevant work) turns on whether Plaintiff has a sitting limitation.  Based on testimony from a vocational expert, the ALJ found that an individual must be able to sit for 8 hours during an 8-hour workday to be able to perform the chauffeur job.[6]  Tr. 24.  In determining Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff is able to sit for 8 hours during an 8-hour workday. Tr. 18.  Therefore, she found that Plaintiff is capable of performing the chauffeur job.  Tr. 24.

The ALJ, however, failed to base her RFC finding regarding Plaintiff's ability to sit on substantial evidence.  All of the medical opinion evidence and prior administrative medical findings limited Plaintiff to sitting no more than 6 hours during an 8-hour workday.  *See* Tr. 54, 111, 128.  Yet, the ALJ rejected such a limitation in a conclusory manner, merely stating that the record "does not support a limitation in sitting to only 6 hours total in an 8-hour workday" and that "the medical evidence does not support a limitation in sitting."  Tr. 23, 24.  The ALJ provided no explanation whatsoever regarding why she found that a sitting limitation was not supported by the record.  Although Defendant has not pointed to any specific evidence in this case to support the

---

[5] Notably, in the *Copeland* matter (on which Plaintiff relies), the Fifth Circuit remanded the matter for further proceedings, not for an award of benefits.  771 F.3d at 927.  And remand for further proceedings is appropriate here given that the Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner."  *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Winschel*, 631 F.3d at 1178).

[6] At the May 17 hearing, Defendant's counsel argued that there is some evidence to support a finding that the chauffeur job does not require 8 hours of sitting *as actually performed*.  However, the ALJ (and thus the Commissioner's final decision) already determined that the chauffeur job does require 8 hours of sitting, without differentiating between the job as actually performed and as generally performed.  *See* Tr. 24.

ALJ's determination that Plaintiff does not have a sitting limitation, the Court should afford the ALJ an opportunity to explain what evidence she determined supported the absence of a sitting limitation (given that it is not this Court's place to decide the facts anew or reweigh the evidence, *see supra* note 5).

### C. Conclusion

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **GRANT** the Motion [DE 22] and **REMAND** this matter to the Commissioner for further proceedings consistent with this Report.  Specifically, remand should be limited to considering (1) whether Plaintiff's chauffeur job was substantial gainful activity; and (2) if it was, whether Plaintiff is capable of performing the job based on his RFC (which turns on whether Plaintiff has a sitting limitation).  If the chauffeur job was not substantial gainful activity, or if Plaintiff has a sitting limitation, the Commissioner should find that Plaintiff is disabled.  On remand, the Commissioner should expedite this matter to the greatest extent possible.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 18th day of May 2023.

Jared M. Strauss
United States Magistrate Judge